Northern Pacific Railway Company, Respondent, vs. Wise, Secretary of State, Appellant.

*March 7—April 9, 1957.*

For the appellant there was a brief by the *Attorney General* and *Robert J. Vergeront,* assistant attorney general, attorneys, and *Martin J. Werra* of Madison of counsel, and oral argument by *Mr. Vergeront.*

For the respondent there was a brief by *H. Maxwell Manzer* of Madison, and *Robertson, Hoebreckx & Davis* of Milwaukee, attorneys, and *M. L. Countryman, Jr.,* of St.

Paul, Minnesota, of counsel, and oral argument by *Mr. Manzer* and *Mr. Clark M. Robertson.*

CURRIE, J.    The question at issue on this appeal is whether the filing fees due for filing the 1954 amendment to plaintiff's charter converting its common capital stock from shares having a par value of $100 each to shares having no-par value, and increasing the number of authorized shares from 2,500,000 to 2,600,000, is determinable under sec. 180.87 (1) (b), Stats. 1953, or sec. 182.214 (2), Stats. 1953. The former statute provides for a filing fee of 2¢ per share while the latter statute requires a filing fee of 5¢ per share for no-par-value capital stock. If sec. 180.87 (1) (b) applies, then no additional filing fee is due from plaintiff over and above the $10 required for filing any amendment to articles of a business corporation. This is because the previous filing fee paid by plaintiff as to its 2,500,000 shares of common par-value stock was more than sufficient to cover the fees due for the new capitalization set forth in the amendment.

The present controversy between the parties arises over the enactment by the 1951 legislature of the new business corporation code entitled the "Wisconsin Business Corporation Law." For a brief history of the enactment of this business corporation code see *Strong v. Fromm Laboratories* (1956), 273 Wis. 159, 77 N. W. (2d) 389.

Prior to the enactment of such new code the filing fees due the secretary of state for filing both original articles and amendments thereto of business corporations, having par-value capital stock, were prescribed by sec. 182.002, Stats., while such filing fees for business corporations having no-par-value capital stock were set forth in sec. 182.214 (2). Ch. 190, Stats. 1953, covers the organization and management of railroad corporations, and sec. 190.01 (2) provides that the fees for filing the articles and amendments thereto of railroad corporations "shall be as provided in section

182.002." While the plaintiff was incorporated by special act of the legislature the provisions of ch. 190, Stats. 1953, were applicable to it. *State ex rel. Attorney General v. Northern Pacific R. Co.* (1914), 157 Wis. 73, 147 N. W. 219.

For many years prior to the enactment of the new business corporation code in 1951 the secretary of state had ruled that filing fees for original articles, or amendments thereto, of railroad corporations providing for no-par-value capital stock were governed by sec. 182.214 (2), Stats., because sec. 182.002 covered merely par-value stock and not no-par-value stock. Such administrative interpretation was based upon the following grounds: (1) Sec. 182.214 was the only statute covering no-par-value stock, and (2) sec. 190.02 provided that "Every public railroad corporation shall have the powers conferred on corporations in ch. 182. . . ." The attorney general argues that such administrative interpretation by the secretary of state extending over many years is conclusive of the present controversy. However, when the 1951 legislature enacted the new business corporation code it expressly specified in sec. 180.87 thereof the filing fees due for filing articles of incorporation, and amendments thereto, of business corporations having no-par-value common stock. Furthermore, sec. 180.97 of such new code provided as follows:

"After June 30, 1953, chapter 180 shall apply to all domestic corporations with capital stock, regardless of when they were organized and whether for profit or not, but any domestic corporation organized under provisions other than those in chapters 180 and 182 and corresponding prior general corporation laws shall be subject to chapter 180 only to the extent that it is not inconsistent with such provisions."

Because the new corporation code as set forth in ch. 180, Stats. 1951, was not to be effective until June 30, 1953, it was necessary for the 1951 legislature to continue ch. 182 in

effect to that date, which it did. However, the 1951 legislature enacted sec. 182.23 (4), which read: "After chapter 180 has become applicable to any corporation, this chapter shall not be applicable to such corporation except as provided in subsection (3)." The exceptions provided in sub. (3) of sec. 182.23, Stats. 1951, are not material to the instant controversy.

The 1953 legislature again looked to the bar association committees which had drafted the original business corporation code for recommendations as to needed changes in the code. *Strong v. Fromm Laboratories, supra.* Included among such recommendations was the following:

". . . the retention of chapter 182 of the 1951 statutes for another two years so as to permit its use by nonstock corporations, and to permit further study by the revisor of statutes to determine what parts thereof should be repealed as obsolete, or should be transferred to other chapters of the statutes or otherwise retained in some form."

The 1953 legislature followed such recommendation and continued ch. 182, Stats., in effect. However, such legislative history clearly demonstrates that ch. 182 was not continued in effect for any purpose having to do with railroad corporations.

In view of the changes enacted by the 1951 and 1953 legislatures, the prior administrative interpretation by the secretary of state, that the provisions of sec. 182.214 (2), Stats., should govern the filing fees to be exacted from railroad corporations having a capital structure consisting of no-par-value stock, is no longer applicable.

The attorney general invokes our attention to the provisions of sec. 190.01 (3), Stats. 1953, which had originally been enacted in 1941. This section provides for a 5¢ per share filing fee for filing the articles, or amendments thereto, of a railroad corporation organized to take over the property of a railroad sold in judicial proceedings, or of one organized

in reorganization proceedings under the Bankruptcy Act. We consider the failure of the 1951 and 1953 legislatures to amend this statute so as to provide a 2¢ per share filing fee is more consistent with the theory of legislative oversight than with the hypothesis that the legislature intended to have the filing fees prescribed by sec. 182.214 (2), Stats. 1951 and 1953, retained so as to be applicable to railroad corporations.

It is our conclusion that the learned trial court correctly interpreted the legislative intent, and that the judgment below must be affirmed.

*By the Court.*—Judgment affirmed.